Robert Salgado (SBN 297391)
DAVIS & NORRIS, LLP
5755 Oberlin Dr. Suite 301
San Diego, CA 92121
Phone: 858-333-4103
Fax Number: 205-930-9989
Email: rsalgado@davisnorris.com

Dargan Ware (SBN 329215)
John E. Norris (pro hac vice anticipated)
Andrew Wheeler-Berliner (SBN 290495)
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone; 205.930.9900
dware@davisnorris.com
jnorris@davisnorris.com
andrew@davisnorris,com

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL COMES, CLARENCE CARTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HARBOR FREIGHT TOOLS USA, INC.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>June 18, 2020 |

///

///

///

///

## CLASS ACTION COMPLAINT

1. This complaint brings claims for breach of warranty, negligence, and products liability against Harbor Freight Tools USA, Inc. (Harbor Freight) relating to jack stands sold by Defendant. These stands were manufactured with a defect that made them inherently dangerous. Plaintiffs suffered property damage to their cars, homes, or other personal property besides the jack stands themselves when the stands failed.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Mel Comes is an adult resident citizen of Los Angeles County, California.

3. Plaintiff Clarence Carter is an adult resident citizen of Douglas County, Georgia.

4. Defendant Harbor Freight is a corporation existing under the laws of Delaware with its principal place of business in Calabasas, California. It is a corporate citizen of Delaware and California.

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the claims in this case form part of a class action in which the amount in controversy exceeds the sum of $5,000,000.00 and the members of the class include citizens of different states than some or all of the defendants.

6. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because the Defendant resides in this district, having its principal place of business in Calabasas, California.

## FACTUAL BACKGROUND

7. Harbor Freight operates roughly 1000 stores nationwide that sell tools. It operates these stores from its headquarters located at 26565 Agoura Road in Calabasas, California.

8. Harbor Freight sells jack stands labeled "Pittsburgh Automotive" that come in at least 2 varieties of 3-ton jack stand, item numbers 61196 and 56371, and one variety of six-ton jack stand, item number 61197.

9. The jack stands are unsafe due to inconsistencies in manufacturing caused by aging in the tooling. These inconsistencies make the stands inherently dangerous because they can collapse under a load causing danger to nearby individuals and damage to property. In addition, the three-ton jack stands had inconsistent location indexing of the pawl armature hole.

10. Plaintiff Clarence Carter purchased the three-ton jack stands, part no. 56371, from the

Harbor Freight store in Douglasville, Georgia with the intent to use the stands to work on his personal vehicles.

11. In late 2018 or early 2019, Mr. Carter was using the stands to hold up his 2003 Cadillac CTS to bleed the brakes. The defective stands collapsed and the Cadillac fell, causing damage to the frame of the vehicle. Thankfully, Mr. Carter was not injured in the incident, but his vehicle was seriously damaged, and he could no longer use the jack stands.

12. Mr. Carter attempted to determine whether he could return the jack stands to the Harbor Freight store. He was told that the jack stands were no longer under warranty and could not be returned. Mr. Carter had gotten no value out of the stands, and he discarded them because they were unsafe.

13. Plaintiff Mel Comes purchased the three-ton jack stands, part no. 61196, from a Harbor Freight store in Lancaster, California, with the intent to use the stands to work on his personal vehicles.

14. Approximately six months before the filing of this complaint, Mr. Comes placed his 2007 Honda Civic hybrid on the jack stands to replace an engine cover on the bottom of the vehicle. After placing it on the jack stands, Mr. Comes came out from under the car, and it fell, damaging the frame below the driver's side door. Thankfully, Mr. Comes was not injured in the incident, but his vehicle was seriously damaged, and he could no longer use the jack stands.

15. Mr. Comes attempted to determine whether he could return the jack stands to the Harbor Freight store. He was told that the jack stands were no longer under warranty and could not be returned. Mr. Comes had gotten no value out of the stands and he discarded them because they were unsafe.

16. The failure of the jack stands results from a defect created during the manufacturing process. This created a latent defect that was not readily apparent to the consumer at the time of purchase.

17. Defendant Harbor Freight knew about the latent defect as consumers had reported these failures before Mr. Comes and Mr. Carter purchased their respective jack stands; yet Harbor Freight failed to disclose this knowledge to Mr. Comes, Mr. Carter and other potential members of

this class. Had this defect been properly disclosed it would have made the jack stands virtually worthless.

18. The failure of the jack stands purchased by Plaintiff Carter and Plaintiff Comes occurred within the applicable limitations period.

19. Plaintiffs Carter and Comes are among the hundreds or thousands of individuals nationwide whose property was damaged by the defective jack stands.

## CLASS ALLEGATIONS

20. This nationwide class action is maintainable against the defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent the following class against defendant:

> All consumers nationwide who purchased the recalled jack stands (items numbered 56371, 61196, and 61197) that were sold by Defendant for household use and suffered property damage as a result of the failure of those jack stands. Persons who suffered personal injury caused by the jack stands, as well as all employees of the Court and plaintiff's counsel are excluded.

21. Pursuant to Rule 23(a)(1), the class is so numerous that joinder of all class members is impracticable. Harbor Freight sold at least 1.7 million jack stands sold in the United States. A significant percentage of these stands failed and caused property damage. The number of purchasers of these jack stands who suffered such damage is far too large for practicable joinder in a single suit.

22. Pursuant to Rule 23(a)(2), this case is predominated by questions of law and fact common to all class members, including whether Defendant negligently sold the jack stands or breached the implied warranty of merchantability.

23. Pursuant to Rule 23(a)(3), the claims of the named plaintiff are typical of those of the class. Every member of the class is a consumer that purchased the recalled jack stands for household use and suffered property damage as a result of their failure.

24. Pursuant to Rule 23(a)(4), the named plaintiff will fairly and adequately represent the interests of the class. The named plaintiff has no interest adverse to the interests of absent class members. The named plaintiff has hired experienced class action plaintiff lawyers as class counsel, who will diligently and competently represent the interests of the class.

25. Pursuant to Rule 23(b), questions of law and fact common to all class members

predominate over any questions affecting only individual class members. The claims of the named plaintiff, like those of all class members, arise out of conduct by the defendant to sell defective jack stands not fit for their intended purpose. These jack stands then failed, causing all class members to suffer property damage. For these reasons, a class action is far superior to other available methods of adjudicating this controversy. Individual lawsuits would be inefficient and duplicative by comparison.

### COUNT I: STRICT LIABILITY – MANUFACTURING DEFECT

26. Plaintiffs incorporate by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

27. At all times herein mentioned, Defendant sold, tested, and marketed the jack stands at issue. Plaintiffs purchased the jack stands as they were manufactured, without modification from any other party.

28. The jack stands had a manufacturing defect that caused the ratchet teeth on the jack stand lifting extension post to inconsistently engage the pawl to a significant depth.

29. At all times since they were manufactured, the defect made the jack stands unreasonably dangerous to human life and property.

30. Plaintiffs and the class suffered property damages because these unreasonably dangerous jack stands failed and caused the damage.

### COUNT II: NEGLIGENCE

31. Plaintiffs incorporate by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

32. At all times, Defendant had a duty to use reasonable care in selecting, marketing, and selling the items in its stores.

33. Defendant breached this duty by allowing the defectively manufactured jack stands to be placed in its stores, and by marketing and selling the defectively manufactured jack stands.

34. Defendant's breach caused damage to Plaintiffs and the class, because they purchased worthless, dangerous, defectively manufactured jack stands from the Defendant, and these jack stands failed, causing Plaintiffs and the class to suffer damage to their personal property.

### COUNT III: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

35. Plaintiffs incorporate by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

36. Defendant controlled the marketing and sale of the jack stands at issue, and placed them in the stream of commerce.

37. By offering the jack stands for sale, Defendant impliedly warranted to Plaintiffs and the class that they were of merchantable quality, safe, and fit for their intended purpose.

38. The jack stands were not of merchantable quality and could not safely be used for their intended purpose. The defects that caused this to be the case were not disclosed to Plaintiffs and the class.

39. Plaintiffs and the class purchased and used the jack stands in reliance upon the implied warranties of the defendant.

40. Plaintiff and the class suffered property damage when the jack stands failed.

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for the following relief,

(A) An order certifying the above-described nationwide class pursuant to Federal Rule of Civil Procedure 23, with appropriate notice to absent class members;

(B) An order appointing Plaintiff's counsel as class counsel for the nationwide class;

(C) After a jury trial, an award of damages based on those suffered by Plaintiff and the class in purchasing the worthless jack stands, as well as the property damage suffered;

(D) Any further or different relief the Court may find appropriate;

(E) For attorney's fees and costs in an amount to be determined.

/s/     Robert Salgado
Robert Salgado
Attorney for Plaintiffs